ANDREW P. ROSENBERG v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED DECEMBER 7, 1906. No. 13,936.

1. **Railroads: FENCES: QUESTION FOR JURY.** Evidence examined, and *held*, that whether or not the defendant railroad company was excused for not fencing its track at the unincorporated station of Adelia was a question of fact that should have been submitted to the jury under proper instructions.

2. **Case Followed.** *Chicago, B. & Q. R. Co. v. Sevcek,* 72 Neb. 793, followed and approved.

ERROR to the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*J. E. Porter,* for plaintiff in error.

*J. W. Deweese, F. E. Bishop* and *N. K. Griggs, contra.*

OLDHAM, C.

This was an action by the plaintiff in the court below to recover damages for stock killed by trains on the defendant's right of way near the station of Adelia in Sioux county, Nebraska. The only allegation of negligence in the petition, which appears to have been supported by evidence sufficient to have sustained a judgment for plaintiff, is the allegation of defandant's failure to fence its track along its switch limits at the station where the injury occurred. At the close of all the testimony, the court directed a verdict for the defendant and entered judgment on the verdict. To reverse this judgment plaintiff brings error to this court.

It appears from the evidence contained in the record that Adelia is a station on defendant's line of railroad 14 miles northwest of Crawford, Nebraska. At this station is a depot, attended by a station agent, and there is a sidetrack half a mile long. From the depot about 300 feet to the northeast is a general store and post office, about 100 feet to the southwest is a stock yard, and about 25 feet to the northwest is a water tank and a pump house. There is a private road crossing the railroad right of way at the east end of the station. One of the cattle killed was struck near the switch frog about a quarter of a mile east of the depot; another about 27 rails east; and another about 20 yards east and near the private road. The switch limits extend a quarter of a mile on either side of the station, and according to the testimony the track was not fenced within about a half a mile on either side. There is no dispute as to the fact that the cattle were actually killed by defendant's cars at about the points above mentioned.

Defendant sought to avoid its statutory liability for its failure to fence its track by attempting to show that public

convenience and safety in the transaction of business at the depot, as well as the safety of the employees of defendant in switching and operating trains on the side track, were paramount to the letter of the requirements of the statute.

In the recent case of *Chicago, B. & Q. R. Co. v. Sevcek,* 72 Neb. 793, and in opinion on rehearing, 72 Neb. 799, it was held, after a careful review of the authorities, that at an unincorporated station the railroad company is not bound to fence its road in such a manner as to prevent the public from having proper access to its station grounds, but that the failure to fence is only excusable to the extent of affording the public and the railroad company an opportunity for transacting business reasonably to be expected at such locality, and that the liability for not fencing should be determined by the necessity of not fencing at the point where the stock comes upon the railroad track. Now, clearly, the burden was upon the defendant to excuse itself from fencing by showing the necessity, under the above rule, for an open and unfenced station ground at the point at which the cattle sued for went upon the track where the injury occurred, and, unless this showing is so clear and convincing that reasonable minds could not differ in the conclusion reached, this question of fact should be submitted to the jury under proper instructions. We are fully convinced, after an examination of the record, that reasonable minds might well differ as to whether the business of the public with the depot and stock yard, or the proper operation of the railroad with due regard to its employees' safety, would have been in any manner interfered with by fencing the track at the points where the injuries occurred. We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES, C., concurs.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.